**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRENTICE D. JONES, | No. 12-55763 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-01353-JHN-FFM |
| v. | |
| GARY SANDOR, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and submitted December 10, 2014
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

On the federal claim certified for appeal to this court, Petitioner contends

that sufficient evidence did not support his second-degree robbery conviction on an

aiding and abetting theory. Reviewing the last reasoned state court decision, *see*

*Cannedy v. Adams*, 706 F.3d 1148, 1159 (9th Cir. 2013) *cert. denied*, 134 S. Ct.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1001 (2014), we note that the California Court of Appeal rejected this federal claim. We owe deference to the Court of Appeal's decision under 28 U.S.C. § 2254(d), because it was not "contrary to," and did not "involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011).

Here, a car registered to Jones was parked adjacent to the gas station that was robbed, and there was evidence from which a rational jury could infer that Jones was in the car, poised for getaway, at the time of the robbery; that it was his car and he provided it to aid the planned robbery; and that he intended that the robbery succeed. Although he introduced some evidence he had sold the car to a person who testified at trial and was impeached, the jury was not required to believe her testimony. Further, a rational jury could infer that after the robbery Jones showed consciousness of guilt by taking actions to distance himself from the car. There was sufficient evidence to support Jones's conviction for aiding and abetting the robbery, because a rational jury could have found all elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979).

2

Moreover, in this context of a state prisoner challenge by habeas corpus petition, we owe the state court "double deference." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011); *Juan H. v. Allen*, 408 F.3d 1262, 1274–75 (9th Cir. 2005). We cannot say that the state court determination of sufficient evidence was objectively unreasonable.

**AFFIRMED.**

Jones v. Sandor, No. 12-55763

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

I recognize that we owe "double deference" to the state court's decision. Juan H. v. Allen, 408 F.3d 1262, 1274–75 (9th Cir. 2005). Nonetheless, in my view, the state court's decision here involved an unreasonable application of Supreme Court precedent and was based on an unreasonable determination of the facts in light of the record evidence. 28 U.S.C. § 2254(d)(1), (2). The evidence showed that the perpetrator left in Jones' car after robbing the store, that the car was backed into its parking place in a nearby lot, that the car was parked in a way that did not allow Jones to see that the store was being robbed, and that Jones was sitting in the passenger seat during the robbery and when the robber drove away. Certainly Jones was present during the getaway. But even seen through our very deferential lens, the evidence was insufficient to permit a rational jury to find that Jones knew of the robbery and intended to assist in its successful commission.